IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 23-MJ-00016-JPO

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KYLE STAEBELL,

        Defendant.

_____

**MOTION FOR DETERMINATION OF COMPETENCY**
_____

Kyle Staebell, through counsel, moves this Court to order that Mr. Staebell be evaluated to determine whether he is mentally competent to proceed, as that term is defined in 18 U.S.C. § 4241. Mr. Staebell requests that the Court order that, unless impracticable, the evaluation be conducted by a local psychiatrist or psychologist. In support of this motion, Mr. Staebell states the following:

**I. The factual allegations in the complaint, Mr. Staebell's courtroom behavior, and his interactions with defense counsel indicate that Mr. Staebell is suffering from a mental illness that renders him incompetent to proceed.**

Mr. Staebell has been charged by criminal complaint with transmission of threats in interstate commerce, in violation of 18 U.S.C. § 875(c). (ECF 1). The complaint alleges that Mr. Staebell communicated three separate threats on January

1

16, 2023. (ECF 1-2). The first alleged threat involved statements submitted to the FBI's National Threat Operations Center (NTOC) tip line where the person claimed they would commit a mass shooting the following day. *Id.* The second alleged threat involved multiple statements posted to Mr. Staebell's Twitter account claiming a mass shooting would occur at the FBI and DHS offices the following day. *Id.* The third alleged threat involved an e-mail sent to the Colorado Symphony threatening a mass shooting.[1] *Id.* During his interview with law enforcement after being arrested for this case, Mr. Staebell apparently told agents that he had previously entered the Colorado Symphony building "because he wanted to conduct an orchestra with a Harry Potter wand that he claimed he had found", explaining that "orchestra conductors use witchcraft wands to conduct orchestras." *Id.*

Mr. Staebell's behavior at the only two hearings held thus far have raised concerns about his inability to manifest appropriate courtroom behavior. Mr. Staebell interrupted his preliminary examination and detention hearing multiple times by objecting to the agent's testimony. As the Court pronounced its rulings at the preliminary examination and detention hearing, Mr. Staebell interjected with his desire to offer his own arguments. Mr. Staebell appeared agitated and spoke in a loud voice

---

[1] At the preliminary hearing, which occurred on January 20, 2023, the Court found no probable cause for a violation of 18 U.S.C. 875(c) based on the e-mail to the Colorado symphony, as the government presented no evidence that this communication was transmitted through interstate or foreign commerce.

in open court even after the Court recessed to allow Mr. Staebell an opportunity to speak privately with defense counsel. Undersigned counsel was also told by co-counsel that Mr. Staebell had similar outbursts at his Initial Appearance hearing on January 17, 2023.

Due to the newness of this case and the consequent recency of counsel's appointment, undersigned counsel has only met with Mr. Staebell three times. However, Mr. Staebell's presentation during these meetings, including his demeanor and the substance of his statements,[2] as well as the facts alleged in the complaint, have given undersigned counsel reason to believe that Mr. Staebell is suffering from a mental disease or defect that makes him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

**II. The Court should order a competency evaluation at this time.**

The Constitution prohibits the trial of a defendant who lacks mental competency. *Indiana v. Edwards,* 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18

---

[2] Colorado Rule 1.6 precludes disclosure of attorney-client communications.

U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich,* 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri,*420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer,* 554 F.3d 1281, 1286 (10th Cir. 2009).

Before holding a competency hearing, a "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). For the purpose of conducting such an examination, the Court may commit the defendant to be examined for a reasonable period, not to exceed 30 days, for placement in a suitable facility. 18 U.S.C. § 4247(b). Unless impracticable, the examination is to be conducted in the suitable facility closest to the court. *Id.*

Any period of delay resulting from "any examinations, to determine the mental competency . . . of the defendant" are excluded from computation of time by which trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A).

Additionally, "delay resulting from transportation of any defendant from another district . . . to and from places of examination" are excluded – but "any time consumed in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F); *see also United States v. Tinklenberg*, 563 U.S. 647 (2011) (upholding dismissal of case where transportation for competency evaluation took 20 days and Government provided no justification for excess time).

In District of Colorado cases, defendants who are ordered to be evaluated under § 4241 are often sent to facilities outside the State of Colorado unless the Court specifies a local evaluator in its order. The evaluation process in those cases can take far longer than a local evaluation, and involve a great deal of travel.

//
//
//
//
//
//
//
//
//

**III. Conclusion**

There is reason to believe that Mr. Staebell is incompetent. Therefore, it is requested that the Court order he be evaluated for competency. Additionally, in order to assure that the examination will be conducted at the suitable facility closest to the Court, Mr. Staebell requests that the Court appoint a local competency evaluator.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

# CERTIFICATE OF SERVICE

      I hereby certify that on January 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Laura Cramer-Babycz, Assistant United States Attorney
    Laura.Cramer-Babycz@usdoj.gov

    Andrea Surratt, Assistant United States Attorney
    Andrea.Surratt@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Kyle Staebell (via U.S. mail)

                                  s/Kilie Latendresse
                                  KILIE LATENDRESSE
                                  Assistant Federal Public Defender
                                  633 17th Street, Suite 1000
                                  Denver, CO  80202
                                  Telephone:  (303) 294-7002
                                  FAX:  (303) 294-1192
                                  kilie.latendresse@fd.org
                                  Attorney for Defendant